IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV525-3-MU

| VIRGIL A. HARRISON, JR. | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) |
| DAVID LESTER AREY., | ) **O R D E R** |
| Defendants. | ) |

**THIS MATTER** is before this Court on initial review of Plaintiff's civil right Complaint filed pursuant to 42 U.S.C. § 1983 on December 16, 2005. In his Complaint, Plaintiff alleges that on August 3, 2003 Defendant Officer Arey witnessed inmate Mahatha threaten Plaintiff. The following day, inmate Mahatha attacked Plaintiff. Plaintiff contends that Defendant Arey violated his constitutional rights by failing to protect Plaintiff after inmate Mahatha threatened him.

First, the Court notes that Plaintiff has not exhausted his claim as to this Defendant. In his Complaint, Plaintiff contends that he filed a grievance regarding the events on August 6 and 7, 2003 on or about September 1, 2003. While Plaintiff stated that he did not have a copy of this grievance, he directed the Court to a previously filed lawsuit in which he did attach copies of the grievance[1]. The Court did find a copy of the grievance to which Plaintiff referred and has

---

[1] The lawsuit which Plaintiff directed the Court to is 3:04cv71. In that case, the Court dismissed Plaintiff's Complaint in which Plaintiff alleged that his constitutional rights were violated when Defendants refused to transport Plaintiff to the magistrates office after he had been attacked by another inmate so that he could file formal charges. This Court concluded that Plaintiff's Complaint must be dismissed as Plaintiff failed to state a claim for relief. The Court

determined that Plaintiff's grievance was related to his complaint that he was not taken to a magistrate after the assault by inmate Mahatha so that he could file charges against him. The Defendant in the instant case was not even mentioned in the grievance.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. Specifically, 42 U.S.C. § 1997e(a) states, 'no action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (West 2003). There is no doubt that the PLRA's exhaustion requirement is mandatory. See <u>Anderson v. XYZ Correctional Heath Services</u>, 407 F.3d 674, 676-77 (4th Cir. 2005) citing <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. The effectiveness of the administrative procedure to produce the inmate's requested remedy and/or the alleged futility of the administrative remedies to produce the inmate's requested remedy are not exceptions to the exhaustion of administrative remedies requirement under the Act. <u>Taylor v. Dr. Barnett</u>, 105 F. Supp. 2d 483, 486 (E.D.Va 2000) (courts should focus on availability and not effectiveness of remedies); <u>Massey v. Wheeler</u>, 221 F.3d 1030, 1034 (7th Cir. 2000) (there is no futility exception to Section 1997e(a)). Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. An "inmate cannot simply fail to file a grievance or

---

notes that Plaintiff also filed another lawsuit in this Court, 3:03cv366, which this Court dismissed for failure to state a claim. The dismissal of the Complaint in the instant action constitutes Plaintiff's third dismissal for failure to state a claim for relief.

abandon the process before completion and claim he has exhausted his remedies or that it is futile for him to do so because his grievance is no time-barred under the regulations." Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999) citing Wright v. Morris, 111 F.3d 414, 417 n.3 (7th Cir.) cert. denied, 522 U.S. 906 (1997).

A prisoner does not comply with the mandatory requirements of 42 U.S.C. § 1997e(a) by exhausting his remedies during the course of litigation; exhaustion must occur prior to the filing of the lawsuit or it must be dismissed. Anderson v. XYZ Correctional Health Serv., 407 F.3d 674, 683 (4th Cir. 2005). Therefore, when considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003).

Because the PLRA requires that an inmate exhaust his administrative remedies before suing over prison conditions and Plaintiff has not exhausted his administrative remedies as to the only named Defendant, the Court will dismiss this Complaint.

Moreover, Plaintiff has failed to state a claim for relief as to Defendant Arey. In order for Plaintiff to prove that Defendant was deliberately indifferent to Plaintiff's safety by failing to protect him from inmate Mahatha attack on August 7, 2003, Plaintiff must show that Defendant knew of and disregarded an excessive risk to Plaintiff's health or safety, was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and also drew that inference. Rich v. Bruce, 129 F.3d 336, 338 (4th Cir. 1997), citing Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiff has alleged that on August 6, 2003 inmate Mahatha stated to Defendant "[w]ait till I get that punk back to the block, I'm gonna fuck him up." (Complaint at 3.) The following day, Plaintiff claims that inmate Mahatha assaulted him. There is no

allegation that Defendant knew inmate Mahatha would act on his threat. There is not even an allegation that Defendant should have known that inmate Mahatha would act on his threat based on a history of animosity between inmate Mahatha and Plaintiff or even a history of violence by inmate Mahatha to other inmates. The single statement, which could be construed as an idle threat or harsh words among inmates does not state a claim for failure to protect. In fact, according to Plaintiff's Complaint, inmate Mahatha did not attack Plaintiff when they got back to the block as inmate Mahatha threatened, instead the attack occurred the following day. Additionally, the Court notes that Plaintiff never asked for any additional protection or to be kept away from inmate Mahatha in light of this threat. This one statement by inmate Mahatha in front of or to Defendant about Plaintiff does not state a claim for failure to protect under the Eight Amendment pursuant to Farmer v. Brennan.

**THEREFORE, IT IS HEREBY ORDERED** that:

Plaintiff's Complaint is Dismissed for failure to exhaust his administrative remedies and failure to state a claim for relief.

**Signed: January 5, 2006**

Graham C. Mullen
Chief United States District Judge